UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA Plaintiff

v. Criminal Action No. 3:18-cr-95-RGJ

BRANDON BRADY Defendant

* * * * *

**ORDER**

Defendant Brandon Brady ("Brady") moves the Court to "to correct error in pre-sentencing report." [DE 181]. The United States did not respond. The matter is ripe. For the reasons below, Brady's motion is **DENIED**.

The Court sentenced Brady to 70 months imprisonment after he pleaded guilty to conspiracy to distribute methamphetamine. [DE 161].[1] Brady asks the Court to correct an alleged error in the Presentence Investigation Report ("PSR") to identify the period of time he alleges that he was using drugs so that he can qualify for the Residential Drug Abuse Program ("RDAP"). Brady wants the PSR amended to reflect that he "was actively using drugs during the time of the government's investigation and up to and include the date of his arrest." [DE 198 at 659]. Brady cites Fed. R. Crim. P. 36 in support. *Id*.

Rule 36 permits a court to correct a clerical error at any time: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Civ. P. 36. The Sixth Circuit has clarified that "a clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might

[1] The Honorable Justin R. Walker sentenced Brady. This case was later transferred to the undersigned.

commit, mechanical in nature." *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004) (quoting *United States v. Coleman*, 229 F.3d 1154, 2000 WL 1182460, at *2 (6th Cir. Aug.15, 2000)). Rule 36 doe does not address mistakes or omissions by the court. *United States v. Werber*, 51 F.3d 342, 347 (2d Cir.1995) (Rule 36 "is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correction of errors made by the court itself."). Here, the alleged error about Brady's alleged drug use is not a clerical error, and thus even assuming an error existed, the Court lacks jurisdiction to correct it under Rule 36. *See United States v. Gianfortuna*, No. 06-CR-20172, 2014 WL 4594820, at *1 (E.D. Mich. Sept. 15, 2014) (finding no jurisdiction to amend PSR under Rule 36).

Second, Brady filed no objection to the information in the PSR as to when he was actively using drugs. By failing to object, Brady waived any challenge to the factual findings of the probation officer. *United States v. Reed*, 27 F. App'x 467, 467–68 (6th Cir. 2001), citing *United States v. Ward*, 190 F.3d 483, 492 (6th Cir.1999). And Brady has not otherwise presented an exceptional circumstance that would qualify to overcome his waiver.

Finally, even if the Court could correct the alleged error, the PSR was not inaccurate. Based on Exhibit 3 to Brady's motion [DE 183-3], which is a Kentucky Department of Corrections drug test log, Brady's last documented positive drug test was January 12, 2017 and the two later tests on July 23, 2018 and March 13, 2018 were both negative. *Id*. Thus, examining the RDAP criteria set forth in Exhibit 2 to Brady's Motion [DE 183-2], the drug test results suggest it is unlikely that Brady was using drugs within the 12 months before his federal arrest. Thus, even if the Court had jurisdiction to amend Brady's PSR and he had not waived this objection to his PSR, the Court would not have sufficient proof to make the amendment Brady seeks.

Thus, **IT IS ORDERED** that Defendant Brady's Motion [DE 181] is **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

February 14, 2022

Cc: Defendant, pro se